FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
18 P 1:18

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | | |
|---|---|---|
| WILLIAM T. WOODROW<br>9022 Gue Road<br>Damascus, Maryland 20872<br><br>Plaintiff(s),<br>V. | §<br>§<br>§<br>§<br>§<br>§ | AW 09 CV 1612<br>No. ____________________ |
| CIT GROUP, INC.<br>715 South Metropolitan, Suite 150<br>P O Box 24610<br>Oklahoma City, Oklahoma, 73124-0610 | §<br>§<br>§<br>§<br>§ | |
| VERICREST FINANCIAL, INC.<br>8000 SAGEMORE DRIVE, SUITE 8202<br>MARLTON, NJ 08053<br><br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Verified Pleading** |

**VERIFIED COMPLAINT AND REQUEST FOR DAMAGES AS WELL AS REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION TO PREVENT ACTIONS RELATED TO ILLEGAL SALE OF ASSETS**

CAUSES OF ACTION

1. TRUTH IN LENDING (15 U.S.C. § 1601 et. seq.;
2. FRAUD AND DECEIT;
3. BREACH OF CONTRACT;
4. BREACH OF GOOD FAITH and FAIR DEALING
5. MARYLAND DECEPTIVE TRADE PRACTICES ACT
9. INJUNCTIVE RELIEF

1. Plaintiff seeks injunctive relief and damages from a predatory lending enterprise operated by Defendants. The predatory enterprise and its agents were involved in fraud from the

inducement, using Plaintiff as an unsuspecting and predatory borrower in a scheme to obtain illegal fees and profits at Plaintiff's expense, then to seize Plaintiff's boat and sell the boat in attempts to disguise the fraud once the fraud was discovered. Defendants have violated FEDERAL TRUTH IN LENDING laws; engaged in fraud and deceit; breached their contract with Plaintiff, violated Plaintiff's right to Good Faith and Fair Dealing, and violated the Maryland Deceptive Trade Practices Act. Plaintiff alleges that the below described actions were from start to finish part of a plot to misrepresent material facts, abuse Plaintiff, make undisclosed and obscene illegal fees and profits, foreclose for profit, cheat plaintiff at Plaintiff's expense.

2. Plaintiff, and as required by federal law, from the inception of the loan process to current date, and after the proceedings of the loan process were misrepresented to Plaintiff by Defendant CIT, has received little to no assistance from Defendants. Defendants engaged in further activities to violate federal law, avoid and evade the production of essential evidence to prove their claims, and seize Plaintiff's boat without one time producing valid evidence to support Defendant's claims, such as the original note, the original indorsements on the note, and the chain of title for the note, only interested in collecting fees from a loan process they knew to be fraudulent from the inception. In fact, as will be disclosed herein, Defendants have a history of fraudulent activities. The fraud originated from the inducement of the note, the bundling of notes into securities sold for a profit, and the collection and overbilling activities of Defendants. Defendants failed to disclose the amount of obscene fees and profits to Plaintiff they made from the transaction and failed to disclose their legal and financial problems which are ongoing.

On December 19, 1977, Plaintiff obtained a loan of $143,295.00 from CIT Group, Inc. ("CIT") the biggest independent commercial lender, headquartered in New York, in order to buy a boat. Defendant CIT represented themselves in excellent financial condition, capable of providing

financing and support for the loan as well as many other transactions. As now discovered by Plaintiff, Defendants failed to disclose an ongoing series of class action lawsuits against them for violations of securities laws and other fraudulent activities, and failed to disclose that CIT had mounting legal problems and was running desperately short of cash. In fact, news releases in the New York Post on March 22, 2008, admitted that CIT would be forced to sell $7 Billion of assets and might have enough cash to last through 2008, and that it had to draw upon its entire $7.3 Billion of emergency credit lines, after having been cut off from customary sources of cash and had been forced to withdraw from its entry in the subprime mortgage market. In effect, Plaintiff became a victim of CIT's failure to disclose material information that would have impacted Plaintiff's decision regarding making a loan with CIT and then its desperate attempts to survive during a period in which it was paying for its own improper lending practices. Plaintiff became a victim of CIT's own corruption and greed.

## JURISDICTION

3. This Court has federal question jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 and because the amount in controversy exceeds $75,000.00

4. This Court has supplemental jurisdiction over plaintiffs' pendent state law claims pursuant to 28 U.S.C. § 1367.

5. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq.

## VENUE

6. Venue Lies in this District pursuant to 18 U.S.C. §1965 (a); and 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this claim took place in this district and because the property subject to the unlawful scheme of the Defendants is located in this District

and because the parties are foreign corporations.

**PARTIES**

7. Plaintiff, William T. Woodrow, is a natural person who is residing at 9022 Gue Road, Damascus, Maryland 20872.

8. Defendant, CIT Group, Inc. , is a domestic corporation with its principle place of business now in OKLAHOMA at 715 South Metropolitan, Suite 150, P O Box 24610, OKLAHOMA CITY, OKLAHOMA 73124. It is registered to do business in the State of Maryland, according to the Secretary of State. Its registered agent is JOAN KEITH, REMARKETER, located at same address. Another registered agent appears to be Thomas Critchley, located at Vericrest Financial, Inc. , 8000 Sagamore Drive, Suite 8202, Marlton, NJ 08053. It may be served through its registered agents. Defendant CIT has been the defendant in numerous lawsuits and has serious financial problems not previously disclosed to Plaintiff. CIT has also had ongoing problems with alleged violations of federal securities laws, and Plaintiff reserves the right to amend the lawsuit for securities violations upon discovery.

9. Defendant, VERICREST FINANCIAL, INC., is a foreign corporation registered to do business in the State of Maryland with its principle place of business in the state of New Jersey at 8000 Sagamore Drive, Suite 8202, Marlton, NJ 08053. Its registered agent is Thomas Critchley, located at same address. It may be served through its registered agent. It purchased assets from CIT on or about June of 2008 when CIT ran into serious financial problems, not disclosed to Plaintiff, and has now become a party to this lawsuit.

**BACKGROUND**

10. On or about December, 1977, Plaintiff decided to purchase a boat, a 1974 Bertram ,

with a cost of $178,995.

11. The BROKER of the boat recommended CIT as a lender on the boat.

13. Plaintiff then proceeded to apply for a loan with CIT and was approved.

14. A loan was provided on or about December, 1977 for the purchase of the boat; the terms were an 8.50% interest, $35,700 DOWN PAYMENT and payments of $1,243 per month over the next 240 months on the remaining $143,295.

15. Plaintiff did not know at the time that Defendant CIT engaged in kickback practices with vendors in order to obtain loans from them. Had Plaintiff known about the kickback practices used by CIT, then Plaintiff would not have made the loan with CIT.

16. At no time during the loan process did CIT reveal its SEC, legal, and financial problems.

17. Plaintiff continued to make monthly payments to CIT of $1,243.55 per month until the economy collapsed and he could no longer make the payments.

18. Plaintiff requested deferrals or assistance from CIT, but they refused. CIT again failed to disclose their serious legal and financial problems.

19. On or about June 4, 2009 Plaintiff received notice that his loan had been sold to LSF6 MORTGAGE ACQUISITIONS, LLC.,with the servicing of all such loans being transferred to The CIT Group/Sales Financing, Inc. and the name of that servicing entity being changed to Vericrest Financial, Inc. on March 1, 2009. Defendants failed to disclose the seriousness of CIT's legal and financial problems and the real reasons for the sale.

20. On or about, April 13, 2009, Plaintiff received a notice of foreclosure on the note and seizure of the property. Once again, Defendants failed to disclose the serious financial condition

of CIT.

21. The boat has currently been seized (illegally) and is now up for sale.

**FIRST CAUSE OF ACTION**
**TRUTH IN LENDING ACT**

22. Upon information and belief, at the time of the subject transaction, defendants acted as knowing individuals who engaged in the making of loans, payable by agreement for the term of 20 years, for which the payment of finance charges was required, whether it be in connection with loans, sales of property, services or otherwise, and in the packaging of said loans into private placement pools and the sale of those loans for a profit. Based on information and belief, Defendants knowingly destroyed the original blue ink signature documents for the loan for their own devious plans, and can not produce the documents to prove they have a valid claim. Accordingly, defendants are subject to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq., and its implementing regulations, Federal Reserve Board Regulation Z, 12 C.F.R. §226.

23. As a result of the subject transaction, defendants acquired interest in plaintiff's property that secured payment or performance of an obligation.

24. Upon information and belief, on or about December 19, 1977, at the time of the loan, defendants failed to fully provide the disclosure and rescission requirements of TILA and Regulation Z in the following and other aspects:

a. Defendants failed to disclose properly and accurately the amount financed, in violation of 15 U.S.C. §1638(a)(2) and § 12 C.F.R. §226.18(b);

b. Defendants failed to disclose properly and accurately the finance charges payable to the parties that were not bona fide or exceeded reasonable fees, as required by 15 U.S.C. §1638(a)(3) and 12 C.F.R. §§226.18(d) & 226.4.

c. Defendants failed to disclose properly and accurately the total amount of payments required in violation of 15 U.S.C. §1638(a)(5) and 12 C.F.R. §226.18(h).

d. Defendants failed to disclose properly and accurately the number, amount and due dates or period of payments scheduled to repay the obligation in violation of 15 U.S.C. §1638(a)(6) and 12 C.F.R.§ 226.48(g);

e. Defendants failed to disclose properly and accurately that a security interest was taken in the subject property in violation of 15 U.S.C. § 1638(a)(9) and 12 C.F.R. § 226.18(m);

f. Defendants failed to provide two copies of the notice of the right to rescind and accurate date for the expiration of the rescission period in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23(b);

g. Defendants failed, upon request, to produce a blue ink signature of the note and the original indorsement(s) showing chain of title to the note for inspection as requested by Plaintiff;

25. The violations of Truth in Lending Act give plaintiffs an extended right to rescind the equitable loan hereby defendants pursuant to 15 U.S.C. §§ 1635 & 1641(d)(1) and 12 C.F.R. §226.23. In addition, defendants are liable to plaintiffs for:

a. the return of any money or property that has been given to anyone in connection with the transaction and the termination of defendants' security interest in the property;

b. Actual damages in an amount to be determined at trial;

c. Statutory damages as provided by law.

**SECOND CAUSE OF ACTION**
**FRAUD AND DECEIT**

26. Plaintiff repeats and re-alleges all paragraphs above as if fully set forth herein.

27. Plaintiff in good faith reasonably relied on the false representation of defendants that

plaintiff would obtain the loan as previously and verbally discussed prior to the underwriting process.

28. Defendant CIT, from the inception, and in an ongoing pattern of fraud and deceit, led Plaintiff to believe that it was financially sound and engaged in ethical business practices. Defendant CIT failed to disclose its mounting legal problems, its mounting financial problems, and its problems with the SEC in order to make a profit from Plaintiff through overbilling, fees, and commissions.

29. As a consequence of the Fraud and Deceit of defendants, plaintiff has been damaged by Defendants.

WHEREFORE, Plaintiff, prays for judgment against Defendants as follows:

a. For general damages in the sum of $500.000.00

b. For Punitive Damages in the sum of $1,500,00.00

c. For cost of suit

d. For such other and further relief as the Court deems proper.

**THIRD CAUSE OF ACTION**
**BREACH OF CONTRACT**

30. Plaintiff repeats and re-alleges all paragraphs above as if fully set forth herein.

31. When Defendants entered into the transactions as set out above with plaintiff, they had no intention of performing as represented, in particular but not limited to the promise to obtain a loan as represented by Defendant CIT and the representations of the financial health of

CIT. Defendants failed to disclose the process by which they made obscene fees and profits from Plaintiff in order to obtain the contract with Plaintiff. The failure to produce a blue ink signature original note and the back of the original note with all original indorsements and chain of title upon request further establishes breach of contract by the Defendants.

WHEREFORE, Plaintiff, prays for judgment against Defendants and each of them as follows:

a. For general damages in the sum of $ 500,000.00

b. For punitive damages in the sum of $1,500,000.00

c. For Cost of Suit

d. For such other and further relief as the Court deems proper.

**FOURTH CAUSE OF ACTION**
**BREACH OF GOOD FAITH and FAIR DEALING**

32. Plaintiff repeats and re-alleges all paragraphs above as if fully set forth herein.

33. The Defendants had a duty to act in good faith and fair dealing in executing their obligations under the Note at issue in this litigation.

34. Defendants breached their obligation by failing to and or refusing to negotiate with Plaintiff in good faith, after Plaintiff requested payment assistance, and by failing to disclose the amount of profits and fees Defendants were to receive based on their sale of the notes in the form of securities and based on their overbilling practices and based on the kickbacks paid to the vendor in this transaction.

35. Defendants further breached the covenant of good faith by never responding to Plaintiff's written requests and providing information related to seizure of the boat and by

failing to provide for inspection when requested of the original blue ink signature note and the original indorsements on the back of the note as well as a chain of title to the note.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

a. For general damages in the sum of $50,000.00

b. For punitive damages in the sum of $50,000.00

c. For cost of suit

d. For such other and further relief as the Court deems proper.

FIFTH CAUSE OF ACTION
VIOLATIONS OF THE MARYLAND DECEPTIVE TRADE PRACTICES ACT (Commercial Law 13-301)
AND THE STANDARD UNIFORM DECEPTIVE TRADE PRACTICES ACT

36. Plaintiff repeats and re-alleges all paragraphs above as if fully set forth herein.

37. Based on the actions of the parties previously described, Defendants are in violation of the Maryland Deceptive Trade Practices Act, Common Law section 13-301, and the Uniform Deceptive Trade Practices Act.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

a. For general damages to be determined by the court.

b. For punitive damages as defined by statute.

c. For cost of suit

d. For such other and further relief as the Court deems proper.

**SIXTH CAUSE OF ACTION**

## INJUNCTIVE RELIEF

38. Plaintiff repeats and re-alleges all paragraphs above as if fully set forth herein.

39. As a result and failure for Defendants to negotiate when Plaintiff requested financial assistance and sent hardship letters and made phone calls, and as a result of Defendants failure to disclose and its attempt to mislead Plaintiff in order to obtain illegal profits from Plaintiff's transaction with Defendants and as a result of the pending sale of Plaintiff's assets, without authorization from Plaintiff,

40. Thereinafter, based on wrongful foreclosure, Defendants are attempting to transfer property from Plaintiff's possession without ever providing evidence of title and authority and through a scheme of fraud and deceit.

84. A court order is necessary to rescind any prior or current seizures and proceedings and prevent such proceedings in the future and further damage to Plaintiff which altered the Plaintiffs' status quo of Plaintiff's property.

Dated June 16, 2009

Respectfully submitted,

William T Woodrow

William T Woodrow

## VERIFICATION

I, William T Woodrow state that I am the plaintiff in the above caption case, and the facts stated herein and the contents are true and correct under the penalty of perjury pursuant to

28 USC section 1746.

Executed this 18 day of June 2009 in the County of Montgomery, state of Maryland.

William T Woodrow

William T Woodrow
9022 Gue Road
Damascus, Maryland 20872
301-928-7661