IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM T. WOODROW, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-09-1612 |
| | * | |
| VERICREST FINANCIAL, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

******************************************************************************

**MEMORANDUM OPINION**

Plaintiff William T. Woodrow brings this action against Defendant Vericrestfinancial, Inc. asserting claims under the Truth in Lending Act and the Maryland Deceptive Trade Practices Act, and alleging common law fraud, deceit, breach of contract, and breach of good faith and fair dealing. Currently pending before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Docket No. 16).  The Court has reviewed the entire record, including the pleadings and exhibits, with respect to the instant motion.  The issues have been briefed, and no hearing is deemed necessary.  *See* Local Rule 105(6) (D. Md. 2008).  For the reasons stated more fully below, the Court will GRANT Defendant's Motion.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On December 19, 1997, Plaintiff obtained a loan for $143,295.00 from CIT Group, Inc ("CIT") to purchase a 1973 Bertram boat.  Plaintiff chose CIT as its lender based on its broker's recommendation.  Plaintiff made monthly payments on its boat loan until "the economy collapsed and he could no longer make the payments." (Compl. 5).  Despite Plaintiff's request

1

for deferrals and pleas for other forms of assistance, CIT sent Plaintiff "a notice of foreclosure on the note and seizure of the property" on April 13, 2009.  (Compl. 5-6). On June 4, 2009, Plaintiff received notice that its loan had been sold to Defendant Vericrest Financial.

Plaintiff filed a complaint against Defendant on June 18, 2009.  On September 29, 2009, Plaintiff filed an amended complaint seeking damages and injunctive relief and alleging that Defendant violated the Truth in Lending Act, breached the loan contract, breached its duty of good faith and fair dealing, and violated the Maryland Deceptive Trade Practices Act.  Defendant filed the instant Motion to Dismiss on October 16, 2009.  Plaintiff did not respond to Defendant's Motion to Dismiss.  On November 18, 2009, Plaintiff filed a notice with this Court that CIT had filed for bankruptcy and that Plaintiff intended to remove the instant case to the Bankruptcy Court.  Defendant responded on November 20, 2009, asserting that Defendant had not filed for bankruptcy and that Defendant was not affected by CIT's bankruptcy filing.

## II.   STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In two recent cases, the United States Supreme Court clarified the standard applicable to Rule 12(b)(6) motions.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Those cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."

*Twombly*, 550 U.S. at 556 n.3 (2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In addressing a motion to dismiss, a court should first review a complaint to determine what pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Indeed, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Complaints filed by *pro se* plaintiffs are "to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

### III. ANALYSIS

#### a. Truth in Lending Act

Plaintiff alleges that Defendant violated the Truth in Lending Act ("TILA" or "Act") by failing to fully comply with the Act's disclosure and rescission requirements. Plaintiff also contends that Defendant violated TILA by destroying original blue ink signature documents for the loan. The Court, however, agrees with Defendant that Plaintiff's claims are time-barred under TILA and that Plaintiff has not alleged a claim upon which relief can be granted.

TILA requires the disclosure of certain items and conditions of credit before the consummation of a consumer credit transaction. *See* 15 U.S.C. § 1601 *et seq.* (2006). Borrowers bringing disclosure claims under TILA are required to file their claim against their lender "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The statute of limitations begins to run when the borrower accepts the creditor's extension of credit. *See* 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all the consumer's interest in the property, or upon sale of the property, whichever occurs first."). Here, because Plaintiff entered the loan on December 19, 1997 and did not file its first complaint until June 18, 2009, TILA's one year statute of limitations bars Plaintiff's statutory damages claim for Defendant's alleged failure to properly disclose.

Plaintiff's request for rescission of the loan is also time-barred under TILA. TILA provides that borrowers have up to three years from the date the borrower enters the contract to raise a right of rescission. 15 U.S.C. § 1635(f). Here, more than eleven years have passed since Plaintiff entered the contract. Plaintiff's request for a right to rescission is thus also time-barred under TILA.

Furthermore, even if Plaintiff's TILA claims were timely, his claims would fail because they do not meet Rule 8(a)'s pleading requirements. Under Rule 8(a) of the Federal Rules of Civil Procedure, a party is required to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Civ. R. 8(a).  Here, Plaintiff lists the TILA requirements and alleges that Defendant failed to "properly and accurately" disclose various pieces of information which TILA requires a lender to disclose. But, Plaintiff fails to set forth factual allegations sufficient to support the alleged violations.  Such vague allegations are speculative and conclusory and do not satisfy the pleading requirements under Rule 8(a).  The Court will not address the merits of Plaintiff's blue ink signature documents claim because TILA does not require lenders to produce such documents to borrowers.  Accordingly, Plaintiff's claims for damages and rescission under TILA are dismissed.

### b. Fraud and Deceit

Plaintiff alleges that it was fraudulently induced into financing his boat loan with Defendant.  Plaintiff contends that Defendant failed to disclose its financial condition to him and thus led Plaintiff to believe that Defendant was a financially sound institution.  Defendant argues that Plaintiff's fraud and deceit claims are, like his TILA claims, time-barred and substantively flawed as a matter of law.

The Court agrees with Defendant that Plaintiff is time-barred from bringing a fraud and deceit claim.  Under Maryland law, "a civil action shall be filed within three years from the date it accrues. . . ."  Md. Code Ann., Cts. & Jud. Proc. § 5-101.  Since Plaintiff alleges that Defendant used fraud and deceit when Plaintiff entered the loan with Defendant, Plaintiff's opportunity to file a fraud and deceit claim expired on December 19, 2000.  Plaintiff filed the

instant fraud and deceit claim over eleven years after it entered the loan. Thus, Plaintiff's fraud and deceit claim is barred by Maryland's statute of limitations.

Furthermore, even if Plaintiff's claims were not time-barred under Maryland law, the Court would dismiss Plaintiff's fraud and deceit claim on its merits.  Plaintiff contends that it in good faith reasonably relied on Defendant's alleged false representations.  Rule 9(b) of the Federal Rules of Civil Procedure requires plaintiffs plead fraud or mistake with particularity. Here, Plaintiff makes a conclusory statement about his reliance on Defendant's representations, but does not provide any specific facts in support of its allegation.  Plaintiff's fraud and deceit claim thus does not satisfy the Rule 9(b) requirements for fraud claims. For these reasons, the Court will dismiss Plaintiff's fraud and deceit claim.

### c.  Breach of Contract

Plaintiff alleges that Defendant did not intend to fulfill its contractual obligations, even at the time it entered the loan agreement with Plaintiff.  Plaintiff points to Defendant's failure to disclose alleged mishandling of fees and profits and Defendant's alleged misrepresentations about Defendant's financial condition, to show that Defendant breached its contract.  Plaintiff also alleges that Defendant's failure to produce the blue ink signature documents establishes Defendant's breach of contract.

In *Taylor v. NationsBank*, 776 A.2d 645 (Md. 2001), the Maryland Court of Appeals ruled that "to prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Id.* at 651.  Here, Defendant did not have a contractual obligation to provide Plaintiff with any of the information that Defendant allegedly failed to disclose.  The loan agreement does not contain any provision requiring Defendant to inform Plaintiff of its financial condition or to produce any

type of blue ink signature note. Therefore, the Court finds that Defendant did not breach any provision of the loan contract and dismisses Plaintiff's breach of contract claim on its merits.

### d. Breach of Good Faith and Fair Dealing

Plaintiff alleges that Defendant breached its duty of good faith and fair dealing by refusing to negotiate with Plaintiff in good faith after Plaintiff requested payment assistance, and by "failing to disclose the amount of profits and fees Defendants were to receive." (Compl. ¶ 34). The Court agrees with Defendant, however, that neither of these allegations create a cause of action for breach of good faith and fair dealing. The duty of good faith and fair dealing, implied in all negotiated contracts in Maryland, merely prohibits one party from preventing the other party from performing its obligations under the contract. *See Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos*, 264 F.3d 424, 444 (4th Cir. 2001) (duty of good faith and fair dealing "does not extend to imply a general duty of good faith and fair dealing in the performance of obligations under the contract that do not implicate or impair another party's performance under the contract"). Thus, because Plaintiff has not alleged that Defendant prevented it from performing its duty under the contract, it fails to make out a claim for breach of good faith or fair dealing. The duty of good faith and fair dealing does not, as Plaintiff argues, require Defendant to modify the terms of the contract at Plaintiff's request or to disclose its profit and fees structures, or securitization strategies. *L.C. Williams Oil Co. v. Exxon Corp.*, 625 F. Supp. 477, 481 (M.D.N.C. 1985) ("failure to modify express terms of a contract cannot be considered to be violative of the UCC's concept of good faith"). Moreover, a Plaintiff cannot claim a breach of good faith and fair dealing based on the same alleged conduct, as Plaintiff does here. *See Cutler v. Wal-Mart Stores, Inc.*, 175 Md. App. 177, 195 (Md. Ct. Spec. App. 2007) (the duty of good faith and fair dealing is "merely part of an action for breach of contract, and so,

because [one count] already states a claim for breach of contract, [the count purporting to state a claim for breach of the implied duty of good faith] does not state a different claim and will be dismissed.") (citations omitted) (alterations in original). Thus, Plaintiff's claims based on breach of food faith and fair dealing fail.

### e. Maryland Deceptive Trade Practices Act

Plaintiff also alleges that Defendant violated the Maryland Deceptive Trade Practices Act, Md. Code Ann., Com. Law § 13-301 ("DTPA"). Defendant argues that the Court must dismiss this claim because the Complaint does not satisfy Rule 8's requirement that the Complaint provide a short and plain statement that gives the defendant fair notice of what the claim is. Nor, according to Defendant, does the Complaint satisfy the applicable heightened pleading standard of Rule 9(b). Moreover, Defendant argues, the claims are either time-barred or must fail for the reasons Plaintiff's "fraud and deceit" claim fails.

The DTPA prohibits false statements and misrepresentations, and accordingly, the heightened pleading standard of Rule 9(b) applies to DTPA claims. Md. Code Ann., Com. Law § 13-301. The Court agrees with Defendant that the Complaint falls short of the procedural requirements of Rule 9(b). Under Rule 9(b) the Plaintiff must state the circumstances constituting misrepresentations with particularity, including specification of the time, place, speaker, and contents of the misrepresentation. *See Windsor Associates, Inc. v. Greenfeld*, 564 F. Supp. 273, 280 (D. Md. 1983). But, Rule 9(b) must be considered in conjunction with the "short and plain statement" requirement of Rule 8(a). Thus, "[i]n balancing these two policies, 'the most basic consideration in making a judgment as to the sufficiency of a pleading is the determination of how much detail is necessary to give adequate notice to an adverse party and enable him to prepare an adverse pleading.'" *Id.* (citation omitted). Here, Plaintiff merely states

that Plaintiff has violated the DTPA, and does not give any factual support for this legal conclusion. The Court would normally allow a *pro se* Plaintiff to amend its Complaint to cure this defect. But, in this case, as Defendant notes, the claims are either time-barred or would be dismissed on the same ground as the other fraud and deceit claims. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101; *supra*, 5. Therefore, the Court must dismiss Plaintiff's DTPA claim.

      **f. Injunctive Relief**

Finally, Plaintiff requests the injunctive relief of a Court order preventing Defendant's seizure of Plaintiff's property on the ground that Defendant illegally failed to re-negotiate the loan with Plaintiff and failed to disclose its financial information. Defendant explains that a request for injunctive relief does not constitute a separate cause of action, but rather, can only stand as a remedy for a cause of action. The Court agrees. *See Fare Deals Ltd. v. World Choice Travel.Com, Inc.*, 180 F. Supp. 2d 678, 682 n.1 (D. Md. 2001) ("a request for injunctive relief does not constitute an independent cause of action; rather, the injunction is merely the remedy sought for the legal wrongs alleged in the nine substantive counts"). Because the Court has dismissed all of Plaintiff's claims, the request for injunctive relief cannot stand, and is therefore denied.

**IV.  CONCLUSION**

More than eleven years have passed since Plaintiff secured a loan and made monthly payments on the loan without complaint. Plaintiff, now admittedly unable to make payments on the loan due to the economic collapse, attempts to allege some illegal conduct in Defendant's refusal to renegotiate the loan and Defendant's unwillingness to reveal information it is not legally bound to reveal. The Court does not find Plaintiff's allegations regarding Defendant's

foreclosing on the loan where Plaintiff could no longer make payments to constitute any illegal conduct or otherwise cognizable claims. For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss.  A separate Order will follow.


| November 30, 2009 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |